O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT O. DINKINS, | ) ) | Case No. 2:21-cv-08942-CAS (KES) |
| Plaintiff, | ) ) ) | **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| v. | ) ) ) | |
| UNITED STATES, et al., | ) ) ) | |
| Defendants. | ) ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, including the Third Amended Complaint (Dkt. 10, "TAC"), the Report and Recommendation of the United States Magistrate Judge (Dkt. 13, "Report"), and plaintiff's Objections to the Report (Dkt. 15, "Objection"). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of the matters to which objections have been stated. Petitioner's assertions and arguments have been reviewed carefully. The Court, however, concludes that nothing set forth in the Objection or otherwise in the record for this case affects, alters, or calls into question the findings and analysis set forth in the Report.

Therefore, the Court concurs with and accepts the findings and recommendations of the Magistrate Judge.

Plaintiff has filed a civil rights complaint under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff, a prisoner at U.S. Penitentiary in Lompoc, California, has alleged the following claims in his third amended complaint: (1) Eighth Amendment violation based on medical treatment for a sinus blockage; (2) Eighth Amendment violation based on failure to provide plaintiff with a wheelchair-accessible cell; (3) Eighth Amendment claim based on failure to protect plaintiff from COVID-19; (4) an Equal Protection Clause violation for failing to release plaintiff during the COVID-19 pandemic; and (5) Due Process Clause violations for failing to properly process grievances in prison, improperly punishing disabled prisoners for refusing to accept cell assignments, and failing to employ fair procedures in declining to transfer plaintiff to home confinement. See generally Dkt. 10 ("TAC").

The Magistrate Judge has undertaken screening of plaintiff's third amended complaint in accordance with the Prison Litigation Reform Act's pre-screening requirements set forth in 28 U.S.C. § 1915(e)(2), 1915A. See Report at 3–5. As part of this screening, the Magistrate Judge recommends dismissing with prejudice all of plaintiff's claims. Id. at 35. The Magistrate Judge recommends that plaintiff's Eighth Amendment medical treatment claim and Equal Protection claim, be dismissed for failure to state a claim. Id. at 32. As to the other Bivens Eighth Amendment and Due Process claims, the Magistrate Judge recommends dismissal without leave to amend because the claims fail as a matter of law. Id. at 35. Specifically, the Magistrate Judge found that those Bivens claims fail the Supreme Court's test set forth in cases like Ziglar v. Abbasi and Egbert v. Boule, that forbid extended Bivens to causes of action not previously recognized by the Supreme Court and where "special factors . . . counsel hesitation in doing so." See id. at 3

(citing <u>Ziglar v. Abbasi</u>, --- U.S. ---, 137 S. Ct. 1843 (2017) and <u>Egbert v. Boule</u>, --U.S. ---, 142 S. Ct. 1793 (2022)).

Plaintiff's Objection essentially raises two grounds: (1) that the Magistrate Judge has not considered his motion to be appointed counsel pursuant to 28 U.S.C. § 1915(e); and (2) that the Magistrate Judge and the Court fail to see the harm alleged in his complaint. <u>See</u> Objection at 1, 5. The Court finds and concludes that all of plaintiff's objections are without merit.

First, plaintiff argues that the Court has erred in refusing to grant his motion to be appointed counsel. The decision whether to appoint counsel under 28 U.S.C. § 1915(e) "is within the sound discretion of the trial court and is granted only in exceptional circumstances." <u>Agyeman v. Corr. Corp. of Am.</u>, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). "A finding of the exceptional circumstances . . . requires at least (1) an evaluation of the likelihood of the plaintiff's success on the merits and (2) an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." <u>Id.</u> (citation omitted). The Magistrate Judge previously denied his motion on August 19, 2022, due to plaintiff's failure to satisfy the second factor. Dkt. 12. Here, appointment of counsel is inappropriate under the first factor, in accordance with the same analysis that dismissal of plaintiff's claims is appropriate for the reasons outlined below and in the Magistrate Judge's Report.

Second, plaintiff claims that the Magistrate Judge and the Court "continue to state things like plaintiff [didn't] claim harm from delay [of] treatment when [he] clearly did so." Objection at 5. In the Report, the Magistrate Judge wrote that plaintiff's deliberate indifference claim "seems to be based primarily on the delay in receiving the 'joint sinus and blockage surgery' allegedly recommended by doctor(s) at USP Atlanta" but that the TAC admits that plaintiff ultimately received this surgery and in the intervening months, received "blockage" surgery and

medication to treat his sinus problems.  Report at 14; see also TAC at 20.

      Like the Magistrate Judge, the Court finds that under the controlling case law "[t]he USP Lompoc doctor's choice to first attempt less aggressive forms of treatment does not plausibly suggest deliberate indifference."  Report at 14–15; see Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) ("[M]ere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference"; a prisoner has "no claim for deliberate medical indifference unless the denial [of surgery] was harmful."); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) ("Nor does the delay in treatment . . . constitute an Eighth Amendment violation; the delay must have caused substantial harm . . . . Given the seriousness of his condition and the treatment Wood actually received such harm was not present here.").  Neither the Magistrate Judge nor the Court deny that plaintiff alleges harm—rather, plaintiff throughout every iteration of his complaint "fails to state a claim under the Eighth Amendment based on the delay in performing" a specific type of surgery to treat plaintiff's problems.  Id. at 16.

      Moreover, while plaintiff does not raise specific challenges to the Magistrate Judge's analysis with respect to the rest of his claims, the Court in its *de novo* review agrees with the Magistrate Judge's recommendation that the other Eighth Amendment claims, as well as the Equal Protection and Due Process claims, be dismissed for both failing the Ziglar test for Bivens claims and for additionally failing to state a claim.  The Court specifically notes that plaintiff has alternative means to address his allegations on ongoing harm or conduct, including the BOP's Administrative Remedy Program established by 28 C.F.R. § 542.10-542.19 and plaintiff's participation in the class action lawsuit in Torres v. Milusnic, 20-CV-04450-CBM-PVC (C.D. Cal.).  See Report at 22, 26, 31.

/ / /

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. In accordance with the foregoing, the Court concludes that Judgment should be entered **DISMISSING** this action **WITH PREJUDICE.**

Dated: October 27, 2022

                                        *Christina A. Snyder*
                                      CHRISTINA A. SNYDER
                                      United States District Judge